IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA HOFSTRA, | ) | |
| | ) | Judge Norgle |
| Plaintiff, | ) | Magistrate Keys |
| | ) | |
| | ) | |
| v. | ) | No. 09 CV 5239 |
| | ) | |
| OFFICER RODRIGUEZ, Star and/or Beat | ) | |
| Number 1912 and the CITY OF CHICAGO. | ) | |
| | ) | |
| Defendant(s). | ) | |

**DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT AT LAW**

Defendants City of Chicago ("City") and Officer Marcelo Rodriguez, Star 15351 ("Rodriguez")(collectively referred to as "Defendants"), by and through their attorney, Caroline Fronczak, Assistant Corporation Counsel for the City of Chicago submit the following Answer to Plaintiff's complaint, Affirmative Defenses and Jury Demand:

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** Defendants admit that plaintiff brings this action pursuant to 42 U.S.C. §1983, but deny engaging in the complained of conduct in this complaint and deny violating any constitutionally protected rights of the plaintiff.

**PARTIES**

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, above, of plaintiff's complaint.

3. The DEFENDANT OFFICER was at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER:** Defendants admit the allegations of this paragraph.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICER was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:** Defendants admit that Rodriguez was an employee of the City of Chicago and was acting under color of law as all times relevant to this complaint, but because the remaining allegations as to Rodriguez are vague, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 to the extent they refer to any unknown or unnamed defendants.

**FACTS**

5. On August 1, 2009, the PLAINTIFF was working as a nurse at Illinois Masonic Hospital, in Chicago, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations of this paragraph.

6. PLAINTIFF was working in the emergency room.

**ANSWER:** Upon information and belief, Defendants admit the allegations of this paragraph.

7. PLAINTIFF is an emergency room "charge nurse".

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

2

8. A charge nurse, in this context, is a person who is in "charge" of the emergency room.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. PLAINTIFF was working in that capacity on said date.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. At approximately 4:00 AM on said date, the PLAINTIFF came into contact with DEFENDANT OFFICER RODRIGUEZ, who she understands to be an officer associated with Beat 1912 and/or Star Number 1912[1].

**ANSWER:** Defendants admit that at some point in the early morning hours of August 1, 2009, plaintiff came into contact with Defendant Rodriguez. Defendants lack knowledge or information sufficient to form a belief as to plaintiff's understanding of the beat number or star number associated with Rodriguez.

11. While the PLAINTIFF was working in the emergency room at the above described time, DEFENDANT OFFICER RODRIGUEZ requested that PLAINTIFF perform a blood work up on an arrestee.

**ANSWER:** Defendants admit that plaintiff was working in the emergency room at approximately 4:00 a.m. and that he requested that blood work up be done on an arrestee. Defendants deny that he specifically requested that Plaintiff perform the requested blood work up.

---

[1] The Independent Review Authority is presently looking into this matter and has a log number of "1028778".

3

12. The purpose of the blood work up was to determine whether the arrestee had a particular blood alcohol level.

**ANSWER:** Defendants admit the allegations of this paragraph.

13. The purpose of determining the blood alcohol level was to determine whether the arrestee had been driving a vehicle while under the influence of alcohol.

**ANSWER:** Defendants deny that the purpose of determining the blood alcohol level was to determine whether the arrestee had been driving a vehicle while under the influence of alcohol, but rather, the purpose if the blood work up was to determine how much alcohol was in the arrestee's system.

14. The PLAINTIFF advised DEFENDANT OFFICER RODRIGUEZ that in order for the individual to receive a blood work up (also known as a DUI kit) the individual had to be admitted as a patient in the hospital. The PLAINTIFF also advised the DEFENDANT OFFICER that this procedure is "protocol" for the hospital.

**ANSWER:** Defendants deny the allegations of this paragraph.

15. Upon learning that the PLAINTIFF would not perform the blood work up without the arrestee first having been admitted, DEFENDANT OFFICER RODRIGUEZ placed the PLAINTIFF in handcuffs.

**ANSWER:** Defendants deny the allegations of this paragraph.

16. The PLAINTIFF was placed in handcuffs in front of her co-workers.

**ANSWER:** Defendants admit the allegations of this paragraph.

17. The PLAINTIFF was then escorted into a police car.

**ANSWER:** Defendants admit that at some point, plaintiff was escorted to a police car after she was placed in handcuffs.

18. When the PLAINTIFF was placed in handcuffs, she was not free to leave.

**ANSWER:** Defendants admit the allegations of this paragraph.

19. When the PLAINTIFF was placed in the police car, she was not free to leave.

**ANSWER:** Defendants admit the allegations of this paragraph.

20. When the handcuffs were placed on the Plaintiff, they were done so too tightly.

**ANSWER:** Defendants deny the allegations of this paragraph.

21. The DEFENDANT OFFICER knew that the handcuffs were placed on the PLAINTIFF too tightly.

**ANSWER:** Defendants deny the handcuffs were placed on plaintiff too tightly and deny the remaining allegations of this paragraph.

22. The DEFENDANT OFFICER at no time needed to handcuff the PLAINTIFF. The placing of handcuffs on the PLAINTIFF was unnecessary.

**ANSWER:** Defendants deny the allegations of this paragraph.

23. The handcuffing of the PLAINTIFF was unnecessary in the first place due to the fact that there was no probable cause and/or legal basis to handcuff the PLAINTIFF.

**ANSWER:** Defendants deny the allegations of this paragraph.

24. The DEFENDANT OFFICER handcuffed the PLAINTIFF based on a whim and without any need to do so.

**ANSWER:** Defendants deny the allegations of this paragraph.

25. The DEFENDANT OFFICER did not employ the PLAINTIFF.

**ANSWER:** Defendants admit the allegations of this paragraph.

26. The DEFENDANT OFFICER was not in charge of the Plaintiff ( in any known capacity).

**ANSWER:** Defendants deny the allegations of this paragraph.

5

27. The DEFENDANT OFFICER had no legal authority to order the PLAINTIFF to perform a DUI kit on the arrestee.

**ANSWER:** Defendants deny each and every allegation contained in this paragraph.

28. The DEFENDANT OFFICER had no legal authority to arrest the PLAINTIFF for not performing a DUI kit at the precise time and/or place to be determined by the DEFENDANT OFFICER.

**ANSWER:** Defendants deny the allegations of this paragraph.

29. The handcuffing caused physical pain to the PLAINTIFF for which she sought medical treatment.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. The handcuffing of the PLAINTIFF caused physical pain which caused the PLAINTIFF emotional pain, discomfort, embarrassment.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. The PLAINTIFF had not resisted arrest, threatened the DEFENDANT OFFICER, and was not a threat to the DEFENDANT OFFICER. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendants admit that Plaintiff did not resist arrest or threaten Rodriguez. Defendants do not know what the plaintiff means by the phrase "nor was she a threat". Defendants affirmatively state that all arrestees pose a potential threat to an officer's safety, and therefore, defendants deny this allegation and deny the remaining allegations of this paragraph.

32. The DEFENDANT OFFICER arrested the PLAINTIFF notwithstanding the fact that on August 1, 2009 the PLAINTIFF had not committed an offense of any sort. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendants deny the allegations of this paragraph.

33. August 1, 2009, PLAINTIFF did not obstruct justice, resist arrest, batter and/or assault the DEFENDANT OFFICER.

**ANSWER:** Defendants deny that plaintiff did not obstruct justice. Defendants admit the remaining allegations of this paragraph.

34. The show of force initiated by the DEFENDANT OFFICER caused an unreasonable seizure to the PLAINTIFF.

**ANSWER:** Defendants deny the allegations of this paragraph.

35. The DEFENDANT OFFICER did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER:** Defendants deny the allegations of this paragraph.

36. The responding Defendant is without knowledge as to a municipal law that the PLAINTIFF violated on August 1, 2009.

**ANSWER:** Defendants deny the allegations of this paragraph.

37. The responding Defendant is without knowledge as to a federal law that the PLAINTIFF violated on August 1, 2009.

**ANSWER:** Defendants admit the allegations of this paragraph.

38. The responding Defendant is without knowledge as to a state law that the PLAINTIFF violated on August 1, 2009.

**ANSWER:** Defendants deny the allegations of this paragraph.

39. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICER, PLAINTIFF was caused to suffer damages.

**ANSWER:** Defendants deny the allegations of this paragraph.

40. On or about August 1, 2009, the DEFENDANT OFFICER was on duty at all times relevant to this Complaint and was a duly appointed police officer for the CITY OF CHICAGO. The DEFENDANT OFFICER engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with

regard to the individual capacity of the DEFENDANT OFFICER.

**ANSWER:** Defendants admit that Rodriguez was on duty and was acting within the course and scope of his employment at all times relevant to this complaint, but deny each and every allegation and the complained of conduct in plaintiff's complaint.

## COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

41. PLAINTIFF re-alleges paragraphs 1-40 as though fully set forth herein.

**ANSWER:** Defendants reassert and reaffirm their answers to paragraphs 1 through 40 of Plaintiff's complaint as though fully set forth here.

42. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICER amounted to an excessive force onto the PLAINTIFF.

**ANSWER:** Defendants deny the allegations of this paragraph.

43. This conduct violated the Fourth Amendment of the United States Constitution.

**ANSWER:** Defendants deny the allegations of this paragraph.

44. The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants request this Court enter judgment in their favor and against Plaintiff in this matter, including costs for defending this suit, and any other relief this Court deems just and proper.

## COUNT II
### False Arrest Claim Pursuant to
### 42 U.S.C. §1983 and the Fourth Amendment to the U.S. Constitution

     45.    PLAINTIFF re-alleges paragraphs 1-40 as though fully set forth herein.

     **ANSWER:**    Defendants reassert and reaffirm their answers to paragraphs 1 through 40 of Plaintiff's complaint as though fully set forth here.

     46.    The actions of the DEFENDANT OFFICER caused the arrest of the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

     **ANSWER:**    Defendants deny the allegations of this paragraph.

     47.    Therefore, the conduct of the DEFENDANT OFFICER was in violation of the Fourth Amendment to the United States Constitution.

     **ANSWER:**    Defendants deny the allegations of this paragraph.

     48.    The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the Constitutional violations set forth above.

     **ANSWER:**    Defendants deny the allegations of this paragraph.

     WHEREFORE, Defendants request this Court enter judgment in their favor and against Plaintiff in this matter, including costs for defending this suit, and any other relief this Court deems just and proper.

### COUNT III
### False Arrest - State Law Claim

     49.    PLAINTIFF re-alleges paragraphs 1-40 as though fully set forth herein.

     **ANSWER:**    Defendants reassert and reaffirm their answers to paragraphs 1 through 40 of Plaintiff's complaint as though fully set forth here.

     50.    The DEFENDANT OFFICER arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICER was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER:** Defendants deny the allegations of this paragraph.

51. The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

**ANSWER:** Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants request this Court enter judgment in their favor and against Plaintiff in this matter, including costs for defending this suit, and any other relief this Court deems just and proper.

## COUNT IV
## Battery-State Law Claim

52. PLAINTIFF re-alleges paragraphs 1-40 as though fully set forth herein.

**ANSWER:** Defendants reassert and reaffirm their answers to paragraphs 1 through 40 of Plaintiff's complaint as though fully set forth here.

53. The DEFENDANT OFFICER handcuffed the PLAINTIFF intentionally, without consent and without justification.

**ANSWER:** Defendants deny the allegations of this paragraph.

54. The PLAINTIFF suffered injury as a result.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

55. The conduct of the DEFENDANT OFFICER was in violation of Illinois Law.

**ANSWER:** Defendants deny the allegations of this paragraph.

56. The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the violations and injuries set forth above.

**ANSWER:** Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants request this Court enter judgment in their favor and against

Plaintiff in this matter, including costs for defending this suit, and any other relief this Court deems just and proper.

## COUNT V
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

57. PLAINTIFF re-alleges paragraphs 1-40 as though fully set forth herein.

**ANSWER:** Defendants reassert and reaffirm their answers to paragraphs 1 through 40 of Plaintiff's complaint as though fully set forth here.

58. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICER.

**ANSWER:** Defendants admit the allegations of this paragraph.

59. The DEFENDANT OFFICER, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:** Defendants admit that Rodriguez was acting under color of law and in the scope of employment of the City of Chicago, but deny each and every allegation alleged in the complaint.

WHEREFORE, Defendants request this Court enter judgment in their favor and against Plaintiff in this matter, including costs for defending this suit, and any other relief this Court deems just and proper.

## COUNT VI
### Supplementary Claim for *Respondeat Superior*

60. PLAINTIFF re-alleges paragraphs 1- 40 as though fully set forth herein.

11

**ANSWER:** Defendants reassert and reaffirm their answers to paragraphs 1 through 40 of Plaintiff's complaint as though fully set forth here.

61. The aforesaid acts of the DEFENDANT OFFICER were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior.*

**ANSWER:** Defendants admit that at all times Defendant Rodriguez wa sacting within the scope of his employment, but deny that Rodriguez committed the wrongful conduct complained of, and therefore, deny the remaining allegations contained in this paragraph.

WHEREFORE, Defendants request this Court enter judgment in their favor and against Plaintiff in this matter, including costs for defending this suit, and any other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant Officer Marcelo Rodriguez is entitled to qualified immunity. Defendant officer is government official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant officer could have believed his actions to be lawful, in light of clearly established law and the information that Defendant officer possessed. Therefore, Defendant officer is entitled to qualified immunity as a matter of law.

2. As to Plaintiff's state law claims, Defendant is not liable for injuries arising out of their exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

3. As to Plaintiff's state law claims, Plaintiff cannot establish willful and wanton

conduct on the part of Defendant Officer and therefore he is immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

4. As to Plaintiff's state law claims, Defendant is not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

5. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

6. To the extent Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102.

8. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

## **Jury Demand**

Defendants hereby demand a jury trial.

Respectfully submitted,

/s/ Caroline Fronczak
CAROLINE FRONCZAK
Assistant Corporation Counsel

30 N. LaSalle, Suite 1020
Chucago, Il 60602
312-744-5126
Atty No. 06284817